FILED

07 OCT 24 AM 11: 15

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ CP _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SABINO TAPIA-CASTRO,<br><br>Petitioner,<br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | CASE NOS. 06-CR-110 W<br>07-CV-702 W<br><br>ORDER DENYING PETITION<br>FOR HABEAS CORPUS |

On April 17, 2007, Petitioner Sabino Tapia-Castro filed a petition for habeas-corpus relief under 28 U.S.C. § 2255. He argued several theories justifying a downward departure as to his 41-month prison sentence, including equal protection and discrimination. On July 23, 2007, the United States filed a return to the petition. Tapia-Castro never filed a traverse. Because Tapia-Castro waived any right to collaterally attack his sentence, the court will **DENY** the petition.

A petitioner may waive any right to appeal in a criminal cases, provided the waiver is knowing and voluntary. United States v. Nguyen, 235 F.3d 1179, 1182 (9th Cir. 2000). A valid waiver bars any underlying challenges to the conviction and sentence, and the appeal must therefore be dismissed. Id. Likewise, the right to bring a collateral attack by requesting habeas relief is statutory. United States v. Abarca, 985 F.2d 1012, 1014 (9th Cir. 1993). Therefore, as with the right to appeal, the knowing and voluntary waiver of the statutory right to collaterally attack a conviction is enforceable. Id.

Here, Tapia-Castro knowingly and voluntarily waived his right to habeas relief in his plea agreement. His plea agreement states as follows: "In exchange for the Government's concessions in this plea agreement, defendant waives, to the full extent of the law, any right to appeal or to collaterally attack the conviction and sentence . . . unless the Court imposes a custodial sentence greater than the high end of the guideline range recommended by the Government pursuant to this agreement at the time of sentencing." (Plea Agreement, Ex. A at 10.) Therefore, Tapia-Castro has no basis to argue his waiver was not both knowing and voluntary.

As the Government points out, he initialed each page of the plea agreement and signed his name on the last page. Further, in open court, he acknowledged that he understood everything in the plea agreement and had spoken with his attorney about the plea agreement. Therefore, Tapia-Castro cannot now claim that he was not aware of the consequences of his plea agreement. Tapia-Castro offers nothing by way of response to these arguments.

Accordingly, the court hereby **DENIES** Tapia-Castro's petition for relief and **DISMISSES** the case. The Clerk shall close the case file.

**IT IS SO ORDERED.**

Dated: October 22, 2007

_____
Hon. THOMAS J. WHELAN
United States District Court